[No. A073839. First Dist., Div. Five. Jan. 26, 2000.]

MARK D. GREENBERG et al., Plaintiffs and Appellants, v.
THE STATE BAR OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Mark D. Greenberg, in pro. per., and for Plaintiffs and Appellants.

Marie M. Moffat, Diane C. Yu, Lawrence C. Yee, Dina E. Goldman and Robert M. Sweet for Defendants and Respondents.

**OPINION**

**STEVENS, J.**—Appellants contend the trial court improperly granted summary judgment on their claims against the State Bar of California (the State Bar), challenging the constitutionality of the State Bar's mandatory continuing legal education (MCLE) program. We must affirm the trial court's ruling, under the compulsion of the recent majority opinion of the California Supreme Court in *Warden v. State Bar* (1999) 21 Cal.4th 628 [88 Cal.Rptr.2d 283, 982 P.2d 154] (*Warden*), which upheld the constitutionality of the MCLE program for California attorneys. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937] (*Auto Equity*).)

## I. FACTS AND PROCEDURAL HISTORY

Appellants are California attorneys licensed to practice by the State Bar. As such, they were required by Business and Professions Code section 6070,

and rule 958, California Rules of Court, to comply with the requirements of the State Bar's MCLE program of continuing legal education classes for practicing attorneys. The MCLE program required at the time that practicing attorneys who were not specially exempted from the program must attend 36 hours of education classes in every 36-month period, including mandatory classes in the prevention of "substance abuse" and "emotional distress" and the "elimination of bias." (See Cal. Rules of Court, rule 958; *Warden, supra,* 21 Cal.4th at pp. 634-637.) Courses are offered by private "providers" certified by the State Bar, and the course offerings vary widely, ranging from conventional lectures on recognized legal subjects to ski trips, cruises, Eastern meditation techniques, and other offerings. (See *ibid.*)

Appellants filed this action against the State Bar in the superior court, seeking declaratory and injunctive relief from the requirements of the MCLE program. Appellants alleged the MCLE program was unconstitutional as a violation of equal protection principles, because the State Bar had no rational basis for subjecting appellants to the MCLE requirements, while exempting certain other groups or classes of California attorneys, such as legislators, other state officers and employees, law professors, and retired judges. Appellants also contended, as a subsidiary argument, that the MCLE program violated their First Amendment rights not to be subjected to compulsory governmental reeducation programs and partisan political propaganda in favor of a "political and ideological agenda" which appellants did not share.

The trial court first entered an order which "transferred" this case to the California Supreme Court for decision. The Supreme Court, however, declined to accept this "transfer" and remanded the matter to the superior court for decision.

Thereafter, the trial court ultimately rejected appellants' claims, and granted summary judgment to the State Bar. Appellants brought this timely appeal from that ruling. The matter was transferred to this division from Division Two of this district, because we had recently found the MCLE program unconstitutional on equal protection grounds, in the case which ultimately resulted in the Supreme Court's *Warden* decision. We then stayed this appeal, in anticipation of the Supreme Court's decision in *Warden.* Our high court has now issued its decision in *Warden,* in which a majority of the justices voted to uphold the constitutionality of the MCLE program. The matter is therefore ripe for the issuance of our opinion in light of *Warden.*

II. DISCUSSION

■ We are compelled by the majority opinion in *Warden* to affirm the trial court's ruling. (See *Auto Equity, supra,* 57 Cal.2d at p. 455.)

In *Warden*, the majority rejected an equal protection challenge identical to appellants' and upheld as rational and constitutional the challenged exemptions from the MCLE program for certain groups of attorneys who exercised political power during the legislative process, such as legislators, other state employees, retired judges, and law school professors. (*Warden, supra,* 21 Cal.4th at pp. 634, 651.)

Although we previously issued an opinion in *Warden* in which we agreed with the well-reasoned criticism of the dissenting opinions (see *Warden, supra,* 21 Cal.4th at p. 656 (dis. opn. of Kennard, J.); see *id.* at p. 667 (dis. opn. of Brown, J.)), we are now bound by the decision of the majority of our high court to affirm the judgment in favor of the State Bar. (See *Auto Equity, supra,* 57 Cal.2d at p. 455.)

At oral argument, appellants recognized the majority opinion in *Warden* compels us to reject their primary argument, challenging the constitutionality of the MCLE program on equal protection grounds. However, appellants urge a second constitutional infirmity not advanced or addressed in *Warden,* that the MCLE program violates their First Amendment right to be free of compulsory governmental propaganda in favor of an ideological purpose with which appellants do not agree, and which is not "germane" or rationally related to the legitimate goals of legal education for practitioners. (See *Keller v. State Bar of California* (1990) 496 U.S. 1, 13-14 [110 S.Ct. 2228, 2235-2236, 110 L.Ed.2d 1] (*Keller*).) In light of *Warden, Keller,* and other precedents, we also reject this related constitutional argument.

First, we note that the majority, and even the dissenters, in *Warden* apparently agreed that the MCLE program requirements were rationally related to the "consumer protection" goals of the legislation, the needs of legal profession, and legal practitioners' professional roles within that system, and they thereby implicitly rejected the foundations of appellants' First Amendment claims. (See *Warden, supra,* 21 Cal.4th at pp. 645-647 (maj. opn.); *id.* at pp. 654-656 (dis. opn. of Kennard, J.); *id.* at pp. 665-667 (dis. opn. of Brown, J.).) Thus, it seems highly likely that our high court would also find the MCLE program did not violate appellants' First Amendment rights, by simply requiring them to attend classes that are reasonably related and "germane" to the nature of the legal profession. (See *Keller, supra,* 496 U.S. at pp. 13-14 [110 S.Ct. at pp. 2235-2236].)

Appellants, however, focus their First Amendment argument on the requirements that they attend a certain number of mandatory MCLE classes relating to the general areas of the prevention of substance abuse and emotional distress and the elimination of bias. (See Cal. Rules of Court, rule

958.) In light of *Warden,* we conclude that these subjects are "germane" and rationally related to the apparent consumer protection goals of the MCLE program.

The prevention of substance abuse and emotional illness or stress among lawyers would, if accomplished, constitute a worthy endeavor, which could spare clients from the obvious harms attendant on substance abuse or emotional illness among lawyers representing members of the public. Further, the elimination of bias in representation and decision making, where improperly based on irrelevant personal characteristics, has long been a goal of the legal profession, and is germane and rationally related to the special nature of law practice and the consumer protection goals of the MCLE program. (See *Warden, supra,* 21 Cal.4th at pp. 634-651; *Thiel v. State Bar of Wisconsin* (7th Cir. 1996) 94 F.3d 399, 405 [finding no First Amendment violation from a number of mandatory State Bar programs, including a program to assist lawyers suffering from substance abuse, and prevent its recurrence].)[1]

Moreover, in light of the relevant case law, we find it difficult to understand appellants' argument that their First Amendment rights are violated by a requirement that they merely be passively exposed to classes relating to these subjects, without being compelled to manifest any agreement or allegiance to their goals or other political agendas. (See, e.g., *Hamilton v. Regents* (1934) 293 U.S. 245, 262-265 [55 S.Ct. 197, 204-205, 79 L.Ed. 343] [required training courses in military science and tactics did not violate First Amendment rights of conscientious objectors to violence]; *Board of Education v. Barnette* (1943) 319 U.S. 624, 631-632 [63 S.Ct. 1178, 1181-1182, 87 L.Ed. 1628, 147 A.L.R. 674] [students may not be required to salute the American flag with a Hitler-style stiff-arm salute, but they may be required to attend civics classes relating to political subjects, including the symbolism of the flag]; *Chaney v. State Bar of California* (9th Cir. 1967) 386 F.2d 962, 964 [applicants to be California lawyers may constitutionally be required to demonstrate familiarity with certain legal concepts, including essay questions on "legal philosophy," even though they might not be required to manifest allegiance to any particular legal philosophy]; *Tennison v. Paulus* (9th Cir. 1998) 144 F.3d 1285, 1287 [no First Amendment violation to

---

[1] In the proceedings below, the State Bar proffered specific documentary evidence, which appeared to show that substance abuse and emotional illness are prevalent among certain attorneys who become the subject of disciplinary proceedings. The State Bar also sought to introduce evidence that bias, especially gender bias, has also been an ongoing problem for the legal profession. Although appellants objected to the State Bar's proffered evidence as irrelevant, incompetent, and lacking in foundation, it is unclear whether the trial court ruled on these objections. In any event, we need not rely on the proffered specific evidence, and disregard it here.

require students to attend classes in fashionable subjects, despite claims that this interfered with certain students' "freedom of mind"].)[2]

While we recognize appellants' desire to avoid exposure to what they perceive to be a well-intentioned, but sometimes patronizing, condescending, and inept educational agenda, we also recognize that a majority of the members of our Supreme Court voted in *Warden* to impose the requirements of the State Bar's program of continuing legal education classes on the vast majority of California's practicing lawyers. We are bound by that ruling; appellants must therefore seek relief from that ruling elsewhere. (*Auto Equity, supra,* 57 Cal.2d at p. 455.) We conclude that appellants' constitutional challenges to the MCLE program are unfounded.

III. DISPOSITION

The judgment of the trial court is affirmed, under compulsion of *Warden, supra,* 21 Cal.4th 628. (See *Auto Equity, supra,* 57 Cal.2d at p. 455.)

Jones, P. J., and Haerle, J.,* concurred.

A petition for a rehearing was denied February 10, 2000, and appellants' petition for review by the Supreme Court was denied April 26, 2000.

---

[2]In addition, nothing would prevent appellants from establishing their own course curriculum as providers of MCLE training, and appellants could then comply with the MCLE requirements by attending classes more in accord with their own viewpoints on the required subjects.

*Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.